IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENNIS JOHNSON, #220424, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 1:13-00116-WS-N |
| | ) | |
| EARNEST STANTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Dennis Johnson ("Johnson"), an inmate at Holman Correctional Facility proceeding pro se, has filed a motion for a preliminary injunction directing the defendant "to stop ongoing harm of actual inadequate medical care the Plaintiff is faced with by Defendants in denying Plaintiff requests to be taken to medical." (Doc. 8 at 2). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon consideration of the motion and all other pertinent portions of the record, it is recommended that plaintiff's motion for a preliminary injunction be **DENIED**.

In this action, Johnson alleges that the Defendant used excessive force on or about March 2, 2013, in retaliation for statements made to the Defendant during an incident in the segregation unit at Holman prison. He seeks monetary damages. Although Johnson claims that he will suffer irreparable harm if the injunction is not granted, he has proffered no evidence in support of the four elements necessary for the Court to award injunctive relief.

"A district court may grant [preliminary] injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." American Civil Liberties Union of Florida, Inc. v. Miami-Dade County School Bd., 557 F.3d 1177, 1198 (11th Cir. 2009) (rehearing and rehearing en banc denied, - - - F. 3d - - - (11th Cir. 2009) (petition for certiorari filed June 18, 2009, 78 USLW 3001)(*quoting* Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc))(citations omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites." *Id.* (citations omitted). A "grant of preliminary injunction is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." Siegel, 234 F.3d at 1176 (citation omitted). *See also*, Maxwell v. Arkansas Dept. of Correction, 367 Fed.Appx. 720, 721 (8th Cir. March 8, 2010)(explaining that a request for injunctive relief in the prison context is "viewed with great caution" because of the particular problems of prison administration), *citing* Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Moreover, a "showing of irreparable injury is 'the *sine qua non* of injunctive relief.'" Siegel, 234 F. 3d at 1176 (*quoting* Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)). *See also*, Pinson v. Pacheco, 424 Fed.Appx. 749, 753-54 (10th Cir. May 26, 2011)("[T]he district court did not abuse its discretion in concluding that [prison inmate] did not establish

irreparable injury [and] '[t]o constitute irreparable harm, an injury must be certain, great, actual and not theoretical'.")(internal citation omitted). Therefore, if a showing of irreparable injury cannot be made by plaintiff, the court need not address the other elements. *See* ACLU of Florida, 557 F. 3d at 1178 ("Failure to show any of the four factors is fatal. . ."); Northeastern Fla. Chapter, 896 F.2d at 1285. Thus, to obtain injunctive relief, the plaintiff must show that he or she will suffer, or face a substantial likelihood of suffering, irreparable injury. Siegel, 234 F. 3d at 1176, n. 9 *citing* Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975) ("The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance he will suffer irreparable injury."). "[E]ven if plaintiff[] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel, 234 F. 3d at 1176 (citations omitted). Importantly, "the asserted irreparable injury "must be neither remote nor speculative, but actual and imminent." *Id.*, 234 F.3d at 1176-1177 (*citing* Northeastern Fla. Chapter, 896 F.2d at 1285).

Johnson has, in sum, failed to demonstrate a substantial threat of irreparable injury if his motion is not granted. He has, therefore, failed to meet his burden of persuasion on all four requisite elements for injunctive relief. Consequently, it is the recommendation of the undersigned that Johnson's motion for a preliminary injunction be **DENIED**.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this  9th  day of January, 2014.

                           s/Katherine P. Nelson
                           **KATHERINE P. NELSON**
                           **UNITED STATES MAGISTRATE JUDGE**